Cite as 2025 Ark. App. 605

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-24-708

| | |
|---|---|
| PAYTON PORTER<br><br>APPELLANT<br><br>V.<br><br>VALENCIA JACKSON<br><br>APPELLEE | Opinion Delivered December 10, 2025<br><br>APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. 34DR-23-59]<br><br>HONORABLE MICHELLE C. HUFF, JUDGE<br><br>REVERSED AND REMANDED |

**CINDY GRACE THYER, Judge**

Payton Porter appeals a Jackson County divorce decree that grants sole custody of his son, MC, to his ex-wife, Valencia Jackson. Porter argues that (1) the circuit court failed to identify any acts of domestic violence or pattern of domestic abuse sufficient to overcome the presumption of joint custody under Arkansas Code Annotated section 9-13-101(a)(1)(A)(iv)*(a)* (Supp. 2025); (2) the evidence in the record was insufficient to establish the pattern of domestic abuse necessary to invoke the rebuttable presumption that custody with an abusive parent is not in the best interest of the child as required by section 9-13-101(c)(2); and (3) the circuit court failed to make the requisite finding by clear and convincing evidence that joint custody was not in the child's best interest under section 9-13-101(a)(1)(A)(iv)*(b)(1).* Because the circuit court failed to include in its written order the required factual findings concerning the basis for its determination that the joint-custody

presumption had been rebutted or whether it also found, by clear and convincing evidence, that joint custody was not in MC's best interest, we must reverse and remand for further findings.

Because we are reversing and remanding for further findings, only a brief recitation of the facts is necessary. Porter and Jackson were married on July 3, 2014, and separated on January 19, 2019. They have one child together, MC, born December 25, 2014.

On April 13, 2023, Porter filed for divorce and sought immediate custody of MC, making various allegations critical of Jackson and her parenting, including her failure to enroll eight-year-old MC in school, to support his request.

An expedited custody hearing was held on May 9. Jackson did not attend. After the hearing, the court granted Porter sole temporary physical and legal custody of MC.

After the temporary hearing, Jackson filed a pro se answer to the divorce complaint and filed a counterclaim for divorce and for sole custody of MC. She alleged, in part, that Porter has a history of violent outbursts and of inflicting psychological, emotional, and mental abuse on her, his family members, and his children. She claimed that Porter has a very unstable work history and that his housing is unstable: he had lived in seven different states in the last three years.

Porter replied to Jackson's answer and responded to her counterclaim on May 22. He denied the existence of any records regarding any alleged acts of violence against Jackson before, during, or after their marriage. He also sought to strike certain allegations contained in Jackson's answer and counterclaim, including her allegations of child abuse. In response

to the motion to strike, Jackson submitted two petitions for an order of protection filed by Porter's ex-wife, Leslie Estrada, on behalf of herself and her children. Porter claimed that those allegations were false and should be struck. He also submitted evidence that both petitions had been dismissed.

A bench trial in the divorce proceeding was held over a three-day period in March and April 2024. After presenting their evidence, the parties gave their closing arguments. The ad litem, for his part, stated that he was on the fence as to who should be granted custody of MC but noted that MC wanted to remain in his father's home. Counsel for Porter argued that both parties have weaknesses and that, like the ad litem had stated, "If we put these two together, we might have a parent." Porter's counsel further stressed that MC was happy living with Porter. Jackson's counsel, on the other hand, argued that Jackson should be awarded sole custody of MC because Porter is an abusive parent. Counsel then recounted the testimony she believed supported Jackson's claim that Porter had engaged in a pattern of domestic abuse on family or household members. Porter's counsel responded that Porter had not been convicted of anything and denied a pattern of abuse. The court stated its belief that there could be a pattern of abuse without there being a criminal conviction.

After hearing the evidence and arguments of counsel, the court granted Jackson the divorce and awarded her custody of MC. The court stated its belief that this was not an appropriate case for joint custody and found that the rebuttable presumption had been met. In so finding, the court recounted the shortcomings of both parents, including the educational and emotional neglect by Jackson, and Porter's "bad temperament" and motel

living. The only reference by the court in its oral ruling to any physical abuse by Porter was a brief reference to a "plastic bag" incident. Porter allegedly became upset and "tackled" one of MC's older siblings following an argument over the sibling's failure to stop MC from running around the house waiving a plastic bag over his head.[1]

The divorce decree was filed on April 29, 2024. With respect to custody, the decree concluded:

> 8.      It is in the best interest of [MC] that Valencia Jackson be awarded full custody of [MC] effective immediately. Pursuant to Ark. Code Ann. § 9-13-101(c)(1), Valencia Jackson proved by the preponderance of the evidence that Payton Porter had engaged in a pattern of domestic violence, and pursuant to Ark. Code Ann. § 9-13-101(c)(2), Payton Porter did not overcome the presumption that it is not in the best interest of the child to be placed in the custody of an abusive parent.
>
> . . . .
>
> 11.      This case is not an appropriate case for joint custody due to the history of domestic abuse by Payton Porter.

The decree did not explain or provide any factual basis for these conclusions. Porter filed a timely notice of appeal on May 29, 2024.

On appeal, Porter argues that (1) the circuit court failed to identify any acts of domestic violence or pattern of domestic abuse sufficient to overcome the presumption of joint custody under Arkansas Code Annotated section 9-13-101(a)(1)(A)(iv)(a); (2) the evidence in the record was insufficient to establish the pattern of domestic abuse necessary

---

[1]The sibling testified at the hearing that Porter yelled at him for not watching MC and then tackled him to the ground after the sibling responded that, as MC's father, Porter should have been the person responsible for watching MC.

4

to invoke the rebuttable presumption that custody with an abusive parent is not in the best interest of the child as required by section 9-13-101(c)(2); and (3) the circuit court failed to make the requisite finding by clear and convincing evidence that joint custody was not in the child's best interest under section 9-13-101(a)(1)(A)(iv)*(b)(1)*.

Arkansas Code Annotated section 9-13-101(a)(1)(A)(iv) provides that, in an action concerning an original custody determination in a divorce or paternity matter, there is a rebuttable presumption that joint custody is in the best interest of the child and that the presumption can be rebutted under certain circumstances, such as when the court finds by clear and convincing evidence that joint custody is not in the best interest of the child or when the court finds by a preponderance of the evidence that a parent has engaged in a pattern of domestic abuse.[2] Ark. Code Ann. § 9-13-101(a)(1)(A)(iv)*(a)*, *(b)(1)*, *(b)(4)* and *(c)*. If the court finds that the presumption in favor of joint custody has been rebutted, the statute

---

[2]More specifically, subdivisions (c)(1) and (2) provide:

> (c)(1) If a party to an action concerning custody of or a right to visitation with a child has committed an act of domestic violence against the party making the allegation or a family or household member of either party and such allegations are proven by a preponderance of the evidence, the circuit court must consider the effect of such domestic violence upon the best interests of the child, whether or not the child was physically injured or personally witnessed the abuse, together with such facts and circumstances as the circuit court deems relevant in making a directive pursuant to this section.

> (2) There is a rebuttable presumption that it is not in the best interest of the child to be placed in the custody of an abusive parent in cases in which there is a finding by a preponderance of the evidence that the parent has engaged in a pattern of domestic abuse.

requires that the written order include facts, findings, and conclusions of law concerning the basis for the court's determination. Ark. Code Ann. § 9-13-101(b)(3)(A).

As argued by Porter in his opening brief, the circuit court did not recite or make any specific findings of fact in the divorce decree to support its conclusion that there had been a pattern of domestic abuse sufficient to rebut the presumption that joint custody was not in MC's best interest. Jackson first responds in her brief that, in the absence of a showing to the contrary, this court can presume that the circuit court acted properly and that it made such findings of fact as were necessary to support its decisions. Jackson is incorrect; we can presume such findings only in the absence of a statute or rule requiring specific findings or if there was not a timely request for specific findings under Arkansas Rule of Civil Procedure 52. *See Grayson v. Anderson*, 2023 Ark. App. 428, 695 S.W.3d 900. Here, the statute mandates that the court include in its written order the facts, findings, and conclusions of law that support its decision that the presumption of joint custody had been rebutted. Thus, we cannot simply presume that the court made the necessary factual findings. And while the court's oral ruling mentioned Porter's bad "temperament" and an incident involving MC's sibling, the written decree contains no factual findings with respect to Porter's alleged commission of an act of domestic violence or pattern of domestic abuse as the statute requires. Thus, the decree is patently deficient.

Jackson additionally responds that the court stated in its oral ruling that the presumption against joint custody had been met, and the decree would be sufficient if this court would correct two "clerical" errors contained in paragraph 8 of the decree. Specifically,

6

she claims that the decree incorrectly referenced subdivision (c)(1) (concerning an act of domestic violence) instead of subdivision (c)(2) (concerning a pattern of domestic abuse) and that the decree incorrectly states that Porter had engaged in a pattern of "domestic violence" rather than a pattern of "domestic abuse." Given the lack of factual findings related to either "an act of domestic violence" or "a pattern of domestic abuse" or any reference to either subdivision in its oral ruling, we have no way to reliably determine whether the court properly analyzed the facts under the statute. Thus, we must remand for the court to make the requisite findings, factual and otherwise.

Porter also argues that the circuit court failed to make a finding that there was clear and convincing evidence that joint custody was not in the child's best interest. Arkansas Code Annotated section 9-13-101(a)(1)(A)(iv)*(b)(1)* provides that the joint-custody presumption may be rebutted if "the court finds by clear and convincing evidence that joint custody is not in the best interest of the child." Here, the circuit court concluded that it was in MC's best interest that Jackson be awarded full custody but indicated that its decision was based on subdivision (c)(1)—the act-of-domestic-abuse provision. Such allegations need only be proved by a preponderance of the evidence, and that is the only standard referenced by the court in the decree. Thus, to the extent the circuit court intended to also rely on section 9-13-101(a)(1)(A)(iv)*(b)(1)*, as suggested by Jackson, the court did not make the requisite findings by clear and convincing evidence.

The child-custody statute is clear. If the court finds that the joint-custody presumption has been rebutted, the court is required to enter a written order including facts, findings,

7

and conclusions of law concerning the basis for the court's determination. The court here failed to include in its written order any facts or findings to support its conclusion that joint custody was not in MC's best interest. Accordingly, we reverse and remand for the circuit court to make the necessary findings concerning whether the joint-custody presumption has been rebutted and to clarify whether it also found by clear and convincing evidence that joint custody was not in MC's best interest under subdivision (a)(1)(A)(iv)*(b)(1)* and, if so, the facts to support it.

For the foregoing reasons, we reverse and remand for further findings.

Reversed and remanded.

ABRAMSON and MURPHY, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellant.

*UA Little Rock William H. Bowen School of Law Delta Divorce Clinic*, by: *Suzanne Penn*, for appellee.