Cite as 2026 Ark. App. 229

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-25-541

| | |
|---|---|
| | Opinion Delivered April 15, 2026 |
| JOSE MIGUEL QUIROZ MATA | |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| V. | [NO. 63DR-24-465] |
| YUDITH CICARD REYES | HONORABLE KEN CASADY, |
| APPELLEE | JUDGE |
| | REVERSED AND REMANDED |

**N. MARK KLAPPENBACH, Chief Judge**

Jose Miguel Quiroz Mata ("Miguel") appeals from the order of the Saline County Circuit Court awarding appellee Yudith Reyes custody of the parties' minor child. We reverse and remand for specific written findings.

The parties married in 2008, and in 2024, Miguel filed for divorce. He requested joint custody of the parties' minor child, MC, born in 2012. Yudith counterclaimed for primary custody. A final hearing was held on January 28, 2025. After hearing testimony from the parties and other witnesses, the court ruled from the bench that it was awarding Yudith primary custody and awarding Miguel visitation every other weekend, every other holiday, and alternating weeks in the summer. The divorce decree provided as follows regarding custody:

Taking into consideration the recommendation of the Attorney Ad Litem [and] testimony of the parties, [Yudith] shall be the primary custodian of the minor child namely [MC], subject to reasonable visitation by [Miguel] as at this moment [Miguel] does not have a stable place, has not seen the child for six (6) months, [and] he is living with his sister and is not working full time.

The decree further outlined Miguel's weekend, summer, and holiday visitation. Miguel moved for reconsideration, arguing in part that there was no clear and convincing evidence that joint custody was not in MC's best interest and that the factors cited by the court were the direct result of Yudith's actions. The motion was deemed denied.

On appeal, Miguel argues that there was insufficient evidence to rebut the presumption for joint custody, that primary custody with Yudith was not in MC's best interest, and that the court should have considered his allegations that Yudith was abusive toward him and that Yudith was alienating MC from him. We perform a de novo review of child-custody matters, but we will not reverse the circuit court's findings unless they are clearly erroneous. *McCandlis v. McCandlis*, 2024 Ark. App. 339. We recognize and give special deference to the superior position of the circuit court to evaluate the witnesses, their testimony, and the child's best interest. *Id.*

In an action concerning an original child-custody determination in a divorce, there is a rebuttable presumption that joint custody is in the best interest of the child. Ark. Code Ann. § 9-13-101(a)(1)(A)(iv)*(a)* (Supp. 2023). This presumption may be rebutted if the court finds by clear and convincing evidence that joint custody is not in the child's best interest. Ark. Code Ann. § 9-13-101(a)(1)(A)(iv)*(b)(1)*. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to

2

be established.  *McCandlis*, *supra*.  If the court finds that the presumption in favor of joint custody has been rebutted, the court shall enter a written order that includes facts, findings, and conclusions of law concerning the basis for the court's determination.  Ark. Code Ann. § 9-13-101(b)(3)(A).

Here, the circuit court's order does not reference the presumption in favor of joint custody; does not find by clear and convincing evidence that joint custody is not in MC's best interest; and does not contain facts, findings, and conclusions of law concerning the basis for such a determination.  The child-custody statute is clear.  *Porter v. Jackson*, 2025 Ark. App. 605.  Without the required written findings, we have no way to reliably determine whether the court properly analyzed the facts under the statute.  *Id.*  Due to the statute's requirement for specific written findings, we cannot presume that the circuit court made such findings as were necessary to support its decision.  *Id.*  Accordingly, we reverse and remand for the circuit court to make the necessary findings concerning whether the joint-custody presumption has been rebutted.  *Id.*

Reversed and remanded.

GLADWIN and HIXSON, JJ., agree.

*Galvis Law, PLLC*, by: *Angela Galvis Schnuerle*, for appellant.

One brief only.

3